**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TONY L. WARE,

     Plaintiff,

v.

PINE STATE MORTGAGE CORP. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

     Defendants.

Civil Action File No.
1:17-cv-01313-MHC

---

## MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Mortgage Electronic Registration Systems, Inc. ("MERS") and pursuant to Rule 12(b)(4), (5) and (6) of the Federal Rules of Civil Procedure, files this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint ("Complaint"), showing this Honorable Court as follows:

## INTRODUCTION

Plaintiff's Complaint represents his latest attempt in a campaign of meritless suits against corporate entities seeking multi-million dollar judgments for a variety of alleged frauds, many of which involve a request for default judgment following

4815-9811-5144 v3
2791169-000321 05/10/2017

nonexistent or questionable attempts at service of process.[1] As a threshold matter, Plaintiff's Complaint is procedurally defective as he has failed to serve MERS.

Furthermore, Plaintiff's Complaint is fatally defective and cannot be cured by amendment. While Plaintiff alleges a plethora of illusory, incoherent claims arising from an alleged invalid assignment of mortgage, including wrongful foreclosure, fraud, conspiracy, trespass, violation of Georgia RICO laws, gross negligence, and requests for quiet title and an injunction, ***Plaintiff fails to provide any factual support for his claims, nor does he have standing to bring them***. Additionally, MERS is not a proper party in this action as its role was limited to holding the legal title to the subject property as grantee and nominee for the borrower's lender and its successor and assigns until June 17, 2010. For all of the aforementioned reasons, Plaintiff's Complaint must be dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff's claims relate to an August 12, 2003 security deed executed by Antonette Ferrell (who is not a party to this action) conveying legal title in 4002 Carisbrook Drive, Union City, Georgia (the "Property) to MERS as grantee and

---

[1] See Ware v. T.L. Ware Bottling Co., Inc., Case No. 2004CV86658, Superior Court of Fulton County; Ware v. Fidelity Acceptance Corp., a/k/a Wells Fargo Financial Acceptance Corp., LLC, Case No. 98-CV-4132-1, Superior Court of Dekalb County; Ware v. Fleetboston Financial Corp., 180 Fed.Appx. 59 (2006); Ware et al v. Wachovia Bank, N.A., Case No. 17-cv-01165-MHC (N.D.Ga. 2017).

2

nominee for the lender, Pine State Mortgage Corporation ("Pine State"), and its successors and assigns, which security deed is recorded in Fulton County, Georgia ("Security Deed").  Id. ¶¶ 11-24, Compl., Ex. B.  Plaintiff alleges that Pine State altered the Security Deed in 2003 without Ferrell's knowledge to add a notarization and a witness signature after Ferrell signed the Security Deed without either.  Id. ¶¶ 11-24.  MERS assigned the rights and interest conveyed by the Security Deed to CitiMortgage, Inc. by a June 17, 2010 assignment, recorded at Book 49136 at Page 31, Fulton County, Georgia Records, and a corrective assignment recorded in the Fulton County, Georgia Records in Book 53627 at Page 387 ("First Assignment").  Notice of Removal, Ex. B.[2]  CitiMortgage, Inc. then assigned the rights and interest conveyed by the Security Deed to MidFirst Bank ("MidFirst") ("Second Assignment"), which assignment is recorded in the Fulton County, Georgia Records in Book 56538 at Page 386.  Notice of Removal, Ex. C.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, MERS asks the Court to take judicial notice of the property records attached to the Notice of Removal, all of which are publicly available and have been obtained from the Official Records of Fulton County, Georgia.  Fed. R. Evid. 201; Kelly v. Am.'s Servicing Co., 2014 WL 12061533, at *2 (N.D. Ga. Sept. 30, 2014), ("the Court may take judicial notice of the [] security deed attached . . . because it is a matter of public record. 'A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.  Public records are among the permissible facts that a district court may consider.'")

3

On December 6, 2016, by the power of sale contained in the Security Deed, the Property was sold at a foreclosure auction and title vested in MidFirst, as reflected in the Deed Under Power recorded on February 1, 2017 in the Fulton County, Georgia Records in Book 57128 at Page 258. Notice of Removal, Ex. D.

As a matter of law, Ferrell had no title interest in the Property upon the receipt of the highest bid at the December 6, 2016 foreclosure auction and the execution of the Deed Under Power on December 16, 2016. Carrington v. Citizens Bank of Waynesboro, 144 Ga. 52, 53, 85 S.E. 1027 (1915). Regardless, by a special warranty deed dated January 23, 2017 and recorded in the Fulton County, Georgia Records in Book 57110 at Page 340 (the "January 2017 Deed"), Ferrell conveyed "her interest" in the Property to Plaintiff. Compl., Ex. C. Because Ferrell had no interest in the Property to convey, ***Plaintiff received no title interest in the Property*** by this January 2017 Deed, which is *void ab initio*. With the January 2017 Deed, Ferrell executed a "Special Power of Attorney" in which she authorized Plaintiff to act with respect to the Property and which refers to the Property as "the foreclosed real property;" recorded in the Fulton County, Georgia Records in Book 57110 at Page 344. Notice of Removal, Ex. E. Thus, Plaintiff had actual knowledge that the Property had been foreclosed and that Ferrell had no interest in the Property to convey at the time of the January 2017 Deed.

4815-9811-5144 v3
2791169-000321 05/10/2017

On March 13, 2017, Plaintiff Tony L. Ware ("Plaintiff") filed this action in the Superior Court of Fulton County, Georgia. See Notice of Removal, Ex. A. The Return of Service Of Process filed in this matter asserts that Plaintiff served MERS through the Georgia Secretary of State on March 13, 2017 and, in the Complaint, Plaintiff alleges that MERS can be served pursuant to O.C.G.A. § 9-11-4(e)(1). Return of Service; Compl. ¶ 6. MERS never received a copy of this lawsuit from the Georgia Secretary of State or Plaintiff, but discovered the existence of this lawsuit through the efforts of its counsel on March 29, 2017. As of the date of this filing, MERS has yet to be served with a copy of the Complaint. MERS removed this case to Federal Court by filing a Notice of Removal on April 12, 2017. See Notice of Removal.

Plaintiff's Complaint sets forth the following claims: Count One ("wrongful foreclos[ure] sale under forged deed"); Count Two ("fraud and forgery of security deed"); Count Three ("fraud and forgery upon Plaintiff"); Count Four ("bill of peace in equity"); Count Five ("conspiracy" "to commit forgery"); Count Six ("gross negligence"); Count Seven (RICO); Count Eight ("bad faith"); Count Nine (trespass); First Claim for Relief, seeking a declaration of the purported fraud; and Third Claim for Relief, seeking to quiet title due to the alleged fraud. MERS is

5

unable to determine what Plaintiff is claiming in Count Ten as it seems that he is claiming damages for his own baseless solicitation of payment.  Compl., ¶¶ 83-86.

Plaintiff is not entitled to bring any of these claims, which are meritless and devoid of any factual basis.   Plaintiff's allegations are hinged on his bold contention that the First Assignment is fraudulent, demonstrated by his reliance on Georgia statutory text instead of facts in support of his claims.  Plaintiff fails to plead any essential elements of such causes of actions, and instead asserts that for Defendant's alleged violations, he has suffered actual injury and is entitled to millions of dollars in damages and injunctive relief.  Compl. ¶ 37, 81, 86, 90, 93.

## STANDARD OF REVIEW

## I.    DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(4)  AND (5)

The Federal Rules of Civil Procedure 12(b)(4) and (5) provide grounds for dismissal of a pleading based upon insufficiency of process and insufficiency of service of process. This Court must review "the sufficiency of process after removal . . . by looking to the state law governing process." Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n. 1 (11th Cir.1985).  Failure to comply with applicable service laws divests a court of subject matter jurisdiction over a defendant that has not been served. Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  "[S]ervice of process that is not in 'substantial

6

compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." Rosenhaft, 2012 WL 1080388, at *2 citing to Abele v. City of Brooksville, Fla., 273 F. App'x 809, 811 (11th Cir. 2008). Furthermore, Plaintiff bears the burden of proving service pursuant to Fed. R. Civ. P. 4(l), and may do so before or after removal. See Morgan v. Yarbrough, 2008 WL 1932079, at *1-2 (M.D. Ga. Apr. 30, 2008). Hence, Federal Rules of Civil Procedure 12(b)(4) and (5) permit dismissal for insufficient process and insufficient service of process. Rosenhaft v. Citibank, N.A., 2012 WL 1080388, at *1-2 (N.D. Ga. 2012).

## II.     DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal marks and citations omitted). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 555 (quoting Conley v.

4815-9811-5144 v3
2791169-000321 05/10/2017

Gibson, 355 U.S. 41, 47 (1957)).  "Factual allegations must be enough to raise a right to relief above the speculative level," as the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 US. at 556).  The Supreme Court in Iqbal held:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'. . . only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-that the pleader is entitled to relief.

556 U.S. at 678-79 (internal marks and citations omitted).

## ARGUMENT AND CITATION OF AUTHORITY

I.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE AND INSUFFICIENT SERVICE OF PROCESS.**

Plaintiff has not perfected service of process upon MERS and, according to Fed. R. Civ. P. 12(b)(4) and (5), the Complaint must be dismissed.  While service on MERS pursuant to state law is allowable under Fed. R. Civ. P. 4(h), Plaintiff

8

alleges that MERS is a foreign corporation ***not authorized*** to do business in Georgia.  Compl. ¶ 6.  Thus, he cannot effect service upon MERS by delivering process to the Georgia Secretary of State because O.C.G.A. § 9-11-4(e)(1) applies only to foreign corporations registered to do business in Georgia and he has identified no statute permitting service on the Secretary of State for a foreign corporation not registered to business in Georgia, as he alleged.

Further, even if the statute was applicable to MERS, Plaintiff has not provided the certification required by O.C.G.A. § 9-11-4(e)(1) and MERS has not received a copy of the summons and complaint by registered or certified mail or overnight delivery as required by the statute.  Thus, Plaintiff has not properly effected service of process upon MERS, and pursuant to Fed. R. Civ. P. 12(b)(4), (5) the Complaint must be dismissed.

## II. PLAINTIFF'S COMPLAINT FAILS TO MEET THE REQUISITE PLEADING STANDARD OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Plaintiff's Complaint must be dismissed because it fails to satisfy the pleading requirements under Fed. R. Civ. P. 8(a) and 10.  Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Furthermore, Plaintiff's Complaint is the epitome of an impermissible shotgun pleading wherein the plaintiff asserts rambling, incoherent,

9

and meshed causes of action, that amount to nothing more than a hodgepodge of factual allegations and legal conclusions without differentiating between defendants. See Magulta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Rule 8 does not "require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "[C]onclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

The Complaint contains nothing more than threadbare "naked assertions devoid of further factual enhancement," which the Eleventh Circuit has rejected. Iqbal, 129 S. Ct. at 1949. Plaintiff alleges that MERS committed fraud and forgery by tricking Ferrell into signing the Security Deed on August 12, 2006, and because the First Assignment was allegedly executed without the presence of a witness or notary. Compl. ¶ 13-15. However Plaintiff fails to distinguish between the two Defendants named in the Complaint, how either of them have engaged in any wrongdoing, and makes no specific allegations against MERS or how it is allegedly liable to him for purported defects in the execution of the First Assignment and/or harm caused by an alleged fraudulent execution of the Security Deed and/or First Assignment. Compl. ¶ 20, 27, 46, 48, 77. Plaintiff's Complaint

10

falls woefully short of the pleading requirements established by <u>Iqbal</u> and <u>Twombly</u>, and, consequently, the Complaint must be dismissed.

### III.   PLAINTIFF LACKS STANDING TO BRING HIS CLAIMS

**1.   Ferrell Had No Title Interest In Property Following the Foreclosure, and Thus Plaintiff Has No Title Interest In the Property.**

Ferrell had no title interest in the Property following the December 6, 2016 foreclosure sale and execution of the Deed Under Power on December 16, 2016. <u>Carrington v. Citizens Bank of Waynesboro</u>, 144 Ga. 52, 53 (1915).  Thus, Ferrell ***conveyed nothing*** in the January 2017 Deed to Plaintiff - no title interest in the Property, and no resulting rights to sue over the Property.  Therefore, Plaintiff has no standing to sue MERS for alleged title defects as he suffered no injury in fact as a result of same, even assuming the allegations are true.  Thus, because Ferrell herself could not bring claims for trespass and quiet title, Plaintiff cannot either. Furthermore, without any title interest in the Property, Plaintiff cannot bring his claim for wrongful foreclosure.

**2.   Plaintiff Lacks Standing To Challenge The Security Deed and Assignments.**

As a general rule, non-parties to an agreement generally lack standing to challenge the validity of the agreement.  <u>See</u> <u>Haldi v. Piedmont Nephrology Assocs., P.C.</u>, 283 Ga. App. 321, 322 (2007).  In the context of the assignment of a

11

security deed, even Ferrell, a borrower who is a third-party to the assignment may not challenge the validity of such a document unless it appears to be facially void. See Stoudemire v. HSBC Bank USA, 2015 WL 3480428, at *2 (Ga. App. June 3, 2015). It is clear from the Complaint and the recorded property records that Plaintiff is a third party to the Security Deed and both Assignments. See Notice of Removal, Ex. A, B, C. Thus, Plaintiff has no standing to challenge the Security Deed or the Assignments and the Complaint must be dismissed with prejudice as a result.

## IV.    PLAINTIFF CLAIMS FAIL AS A MATTER OF LAW

Plaintiff's Complaint makes nothing more than hollow, generalized allegations that have no basis in law or fact, and fails to address any of the elements of the asserted causes of action. For the reasons set forth below, Plaintiff's Complaint must be dismissed as a matter of law.

**1.    Any Claim for Wrongful Foreclosure Or Attempted Wrongful Foreclosure Fails As A Matter Of Law.**

Plaintiff asserts a claim for wrongful foreclosure, alleging that MidFirst was unable to foreclose on the Property because the allegedly forged Security Deed could not have transferred title and therefore constitutes a cloud on the title. Compl. ¶ 25-30. First, any purported wrongful foreclosure claim fails because, as previously discussed, Plaintiff does not have standing to bring such a claim. See

12

Jurden v. HSBC Mortg. Corp., 330 Ga.App. 179, 180 (2014) (noting that a third-party lacked standing to challenge underlying loan documents in a claim for wrongful foreclosure).

Even if Plaintiff could assert a wrongful foreclosure claim, "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371 (2004). Plaintiff cannot even  established the first element of a wrongful foreclosure claim against MERS, because MERS was not the foreclosing party.  Accordingly, any claim for wrongful foreclosure necessarily fails and must be dismissed.

**2.      Plaintiff's Fraud Claims Fail As a Matter of Law.**

In Counts Two and Three, Plaintiff alleges a claim for fraud and forgery of the Security Deed, alleging that he "relied upon Defendants' false representations by buying the [P]roperty from [Ms.] Ferrell not knowing at the time the security deed was a forgery."  Compl. ¶ 8, 31-41.  To prove fraud as to MERS, which underpins all of Plaintiff's claims, Plaintiff "must establish five elements: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to

13

plaintiff." Sun Nurseries, Inc. v. Lake Erma, LLC, 316 Ga. App. 832, 835 (2012). Plaintiff makes generalized allegations of alleged fraud by Defendants, but fails to specifically identify any of the alleged misrepresentations made by MERS. Plaintiff fails to allege any reasonable basis by which this Court or a jury could conclude that he justifiably relied on any misrepresentation by MERS when he acted to "purchase" the Property from Ferrell in January 2017—over a month after the Property was sold at foreclosure sale of which he was aware. Compl. ¶¶ 33-41. Further, any alleged defects in title arising from the assignments could not have caused damage to the Plaintiff because the deed from Ferrell was *void ab initio*, as explained supra.

Plaintiff also lacks standing to assert a claim for fraud on behalf of Ferrell, whose claim would be barred by the statute of limitations. Because the Security Deed was recorded in 2003, Ferrell had constructive notice of the alleged fraud from the time the Security Deed was recorded with the purportedly fraudulent notary and witness signatures, meaning that, even applying a seven-year limitations period, her claim expired in 2010 and is time barred. See Leeds Bldg. Prods., Inc. v. Sears Mortg. Corp., 267 Ga. 300, 302 (1996). Accordingly, the allegations in Plaintiff's Complaint are insufficient to support claims for fraud and the Complaint should be dismissed with prejudice.

14

**3.    Plaintiff's Claim for Conspiracy Fails as a Matter of Law.**

In Count Five, Plaintiff alleges a claim for conspiracy to commit a crime. (Compl. ¶45-46).  Plaintiff's only supporting allegations are that MERS conspired to commit forgery "for the purpose of committing a crime."  Compl. ¶ 46.  Under Georgia law, a civil conspiracy claim is subject to dismissal unless the Plaintiff stated a valid claim for some underlying tort.  See National City Bank of Rome v. Graham , 105 Ga. App. 498 (1962).  To recover for civil conspiracy, "a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort."  Wilson v. Mountain Valley Community Bank, 328 Ga. App. 650 (2014) (citing Jenkins v. Wachovia Bank Nat. Assn., 309 Ga. App. 562, 567 (2011).

Plaintiff's conspiracy claim arises out of his fraud claim.  Compl. ¶ 46.  As shown supra, Plaintiff's claims for fraud fail as a matter of law.  As a result, his claim for civil conspiracy also fails and must be dismissed.

**4.    Plaintiff's Claim for a Bill of Peace Against MERS Fails as a Matter of Law.**

In Count Four, Plaintiff nonsensically states he is entitled to a Bill of Peace in Equity pursuant to O.C.G.A. § 23-3-110 to enjoin "all future filings against the Defendants . . .  in this action."  Compl. ¶42-44.  O.C.G.A. § 23-3-110 states:

15

(a) It being the interest of this state that there shall be an end of litigation, equity will entertain a bill of peace:

(1) To confirm some right which has been previously satisfactorily established by more than one legal trial and is likely to be litigated again;

(2) To avoid a multiplicity of actions by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy; or

(3) In other similar cases.

O.C.G.A. § 23-3-110. It is unclear what Plaintiff is seeking in Count Four, but the statute is inapposite to the facts at issue.

In this matter, Plaintiff's rights with regards to the Property have not been previously established by more than one legal trial nor is there a need to avoid a multiplicity of actions. Because there are no other pending actions or litigation, nor has there been previous litigation between the parties, no equitable remedy is needed. The parties rights to the Property are established - none of the parties to the action have a current ownership or title interest in the Property. Thus, Plaintiff cannot establish a claim for a bill of peace pursuant to O.C.G.A. § 23-3-110 as a matter of law, and Count Four of the Complaint should be dismissed.

**5.    Plaintiff's Negligence Claim Fails As A Matter of Law.**

Plaintiff asserts a cause of action for negligence, alleging that "Defendants through its officers, attorneys and agents have committed of gross negligence by not having a degree of care that every man of common sense exercises . . . in order

16

to obtain a Security Deed from the Grantors and therefore trick and committed fraud to obtain the Security Deed by act of gross negligence[sic]."  Compl. ¶ 48-49.  The essential elements of a negligence claim are the existence of a legal duty, breach of that duty, a causal connection between the defendant's conduct and the plaintiff's injury, and damages.  Boller v. Robert W. Woodruff Arts Ctr., Inc., No. A11A0899, 2011 WL 3569942, *1 (Ga. App. Aug. 16, 2011).  Therefore, "[t]he threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff."  Id. at *2.

Plaintiff fails to identify a specific duty owed to him by MERS or any such duty that was purportedly violated, nor does he identify any causal connection between any such breach and Plaintiff's alleged damages.  In fact, Plaintiff cannot prove any such causal connection because (a) MERS was not the mortgagee when the Property was foreclosed, (b) Plaintiff had no interest in the Property while MERS was mortgagee, and (c) Plaintiff never had a recorded interest in the Property.  As such, Plaintiff's claim for negligence must be dismissed.

**6.      Plaintiff's Claims for Violation of Georgia RICO Laws Fails.**

In Count Seven, Plaintiff alleges MERS violated Georgia's Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-8-1, *et seq*. ("Georgia's

17

4815-9811-5144 v3
2791169-000321 05/10/2017

RICO Act")[3]. Compl. ¶53-71. To state a plausible RICO claim, Plaintiff must allege and show a pattern that MERS "committed predicate offenses (set forth in O.C.G.A. § 16-14-3(9)) at least twice." Cobb County v. Jones Group, P.L.C., 218 Ga. App. 149, 154 (1995). A pattern requires at least two interrelated predicate offenses which qualify as criminal racketeering conduct under specified criminal statutes, including drug crimes, burglary, robbery, gambling, bribery, securities fraud, insurance fraud, mortgage fraud, and extortion. See O.C.G.A. §§ 16-14-3(8)(A), (9)(A). Additionally, a single transaction does not constitute a pattern of racketeering. Perimeter Realty v. GAPI, Inc., 243 Ga. App. 584, 591 (2000). Further, under Georgia law, only felonies are chargeable by indictment so only felonies can provide a valid basis for a civil RICO claim. See Clark v. Security Life Insur. Co., 270 Ga. 165 (1998). If a plaintiff fails to allege the commission of two or more predicate acts related to each other, which amount to or pose a threat of continued criminal activity, dismissal is appropriate. Stroman v. Bank of Am. Corp., 852 F. Supp. 2d 1366, 1382 (N.D. Ga. 2012).

---

[3] Plaintiff's Count Seven in his Complaint asserts violations of "Georgia and Federal RICO Racketeering". However, on April 14, 2017, Plaintiff filed a "Notice of Partial Dismissal Without Prejudice of Plaintiff's Federal RICO Claims Referred to in Error in the Complaint. See D.E. 2. On April 19, 2017, an Entry of Dismissal was entered Approving the Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P.41(a)(1)(i) of Plaintiff's Federal RICO Claims. See D.E. 2.

18

Plaintiff alleges only that MERS knowingly had its officers fraudulently notarize the deeds. Compl. ¶55. Not only did this act not occur, Plaintiff alleges no other felonious predicate acts, and thus no related acts. Based upon the pleadings, there is no evidence that these allegations constitute a felony or arise to a racketeering activity. Furthermore, the conduct alleged by Plaintiff cannot constitute a pattern of predicate offenses because all of the allegations arise from the same transaction -- Ferrell's Loan. See Cobb v. Kennon Realty Servs., Inc., 191 Ga. App. 740 (1989) (holding that a RICO claim cannot be based on a number of different wrongful acts that stems from one extended transaction between parties). Furthermore, Plaintiff cannot allege that he has suffered any harm because he never had an enforceable ownership interest in the Property. Without identifying multiple predicate acts in furtherance of a pattern of criminal behavior which has caused him harm, Plaintiff's RICO claims fail and must be dismissed.

**7.     Plaintiff's Claim For Breach Of Good Faith And Fair Dealing Fails.**

A claim for breach of a duty of good faith and fair dealing cannot exist independent of a claim for breach of contract. See Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n of Slavic Churches & Ministries, Inc., 291 Ga. App. 808, 810 (2008) (holding that the breach of good faith and fair dealing cannot provide an independent basis for liability). Here, Plaintiff has not pled any claim

19

4815-9811-5144 v3
2791169-000321 05/10/2017

for breach of contract and could not plead such a claim as he does not identify a single contract to which he and MERS are both parties.  Therefore, this claim fails as a matter of law and must be dismissed.

**8.     Plaintiff's Claim for Trespass Fails As A Matter of Law.**

Plaintiff claims that MERS trespassed on Plaintiff's property in violation of his rights pursuant to O.C.G.A. § 51-10-3.  Compl. ¶77-82.  Generally, an owner of real property has the right to possess, use, enjoy and dispose of the property and the corresponding right to exclude others from its use.  <u>Navajo Const., Inc. v. Brigham</u>, 271 Ga. App. 128, 129 (2004).  As discussed <u>supra</u>, Plaintiff is not the owner of the Property NOR was he <u>ever</u> the owner of the Property.  Even if he was, Plaintiff does not provide any specific allegations regarding how or when MERS allegedly trespassed on the Property.  Consequently, such a claim must be dismissed.

**9.     Plaintiff's Claim for Improper Solicitation of Money Fails.**

In Count Ten, Plaintiff incoherently states that "the Defendants claim that Plaintiff improperly solicited money from the Defendants by means of a statement" in violation of O.C.G.A. § 16-9-52(a).  Compl. ¶83-86.  The cited statute provides:

> A person commits the offense of improper solicitation of money when he solicits payment of money by another by means of a statement or invoice or any writing that could reasonably be interpreted as a

statement or invoice for goods not yet ordered or for services not yet performed and not yet ordered . . .

O.C.G.A. § 16-9-52(a).

Plainly, this criminal statute is inapplicable to this case. Plaintiff has not pled any facts that would support a claim that MERS ever attempted to collect money from him or sent him a statement. Thus, Plaintiff's claim for improper solicitation of money should be dismissed.

**10.    Any Action To Quiet Title Under *Quia Timet* Also Fails.**

Plaintiff's Complaint also fails to assert a claim under O.C.G.A. § 23-3-40, *et seq.* which governs conventional *quia timet* actions. A case for conventional *quia timet* is made most often when a forged or mistaken document appears on the real estate title. However, as discussed supra, Plaintiff lacks standing to challenge the Security Deed and First Assignment and Plaintiff never had any legal interest in the Property. Accordingly, Plaintiff's Complaint fails to allege any cause of action for *quia timet* fails and the Complaint should be dismissed.

**11.    Plaintiff Is Not Entitled to Attorney's Fees.**

Count Eleven requests attorney's and paralegal fees, even though Plaintiff filed his Complaint *pro se*. However, Plaintiff's claim fails because he has not retained an attorney. See Compl. ¶ 4; see also Lee v. Georgia Power Co., 296 Ga. App. 719, 721 (2009). While Plaintiff has asserted a variety of claims, he is not

21

entitled to attorney fees until he retains an attorney.  Therefore, this claim fails as a matter of law and should be dismissed.

## V.     <u>MERS IS NOT A PROPER PARTY IN INTEREST</u>

Plaintiff erroneously named MERS as a Defendant in the Complaint, as MERS has no interest in the Property and had no interest at the time of the foreclosure, and as such the Complaint must be dismissed against MERS.  MERS assigned any rights and interest in the Property conveyed by the Security Deed to CitiMortgage, Inc. on June 17, 2010 in the First Assignment.  At that time, MERS relinquished any interest it had in the Property. The subsequent alleged actions of CitiMortgage, MidFirst, or any other parties have no relation to MERS and MERS cannot be held liable for these actions.  Because MERS had no interest in the Property at the time of foreclosure, MERS is not a proper party in interest and Plaintiff's Complaint should be dismissed.

## VI.    <u>PLAINTIFF IS NOT ENTITLED TO AN INJUNCTION</u>

As a threshold matter, injunctive relief is a remedy, not a basis for a separate claim for relief.  See <u>Lorentz v. Sunshine Health Prods., Inc.</u>, 2010 WL 3733986, *7 (S.D. Fla. Aug. 27, 2010).  Plaintiff cannot first assert its rights to a remedy before it has stated a claim upon which he is entitled to that remedy.  Furthermore, a claim for preliminary injunctive relief requires a showing of "a substantial

4815-9811-5144 v3
2791169-000321 05/10/2017

likelihood of success on the merits of the underlying case," while a permanent injunction requires actual success on the merits. <u>McDaniel v. Wells Fargo Bank, N.A.</u>, 2016 U.S. Dist. LEXIS 34562, at \*22-23 (2016). If Plaintiff's claims fail as a matter of law, injunctive relief cannot be granted. <u>Id</u>.

As shown previously, Plaintiff's claims against MERS fail as a matter of law. As a result, Plaintiff has failed to show any likelihood of success on the merits of his claim. Therefore, entry of temporary or permanent injunctive relief is not warranted and is unnecessary.

## <u>CONCLUSION</u>

For the foregoing reasons, MERS respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety.

Respectfully submitted this 10th day of May, 2017.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Phone: 404-577-6000
Fax: 404-221-6501
swalsh@bakerdonelson.com
bburns@bakerdonelson.com
mkvalheim@bakerdonelson.com

*/s/ Sarah-Nell H. Walsh*
Sarah-Nell H. Walsh
Georgia Bar No. 141240
Betsy N. Burns
Georgia Bar No. 161820
Madeleine G. Kvalheim
Georgia Bar No. 131496
*Attorneys for Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.*

4815-9811-5144 v3
2791169-000321 05/10/2017

## CERTIFICATION OF FONT

I hereby certify that the foregoing document has been prepared in 14-point

Times New Roman font and complies with LR 5.1(B), NDGa.

Respectfully submitted this 10th day of May, 2017.


**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Phone: 404-577-6000
Fax: 404-221-6501
swalsh@bakerdonelson.com
bburns@bakerdonelson.com
mkvalheim@bakerdonelson.com

*/s/ Sarah-Nell H. Walsh*
Sarah-Nell H. Walsh
Georgia Bar No. 141240
Betsy N. Burns
Georgia Bar No. 161820
Madeleine G. Kvalheim
Georgia Bar No. 131496
*Attorneys for Defendant MORTGAGE*
*ELECTRONIC REGISTRATION*
*SYSTEMS, INC.*

24

4815-9811-5144 v3
2791169-000321 05/10/2017

## CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT by the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia which will automatically send email notification to all counsel of record, and by U.S. Mail, postage prepaid, upon the following:

Tony L. Ware                         Tony L. Ware
3756 Memorial Drive, #3             P.O. Box 150525 - Dept. 0227
Decatur, GA  30032                  Atlanta, GA  30315-0188


Respectfully submitted this this 10th day May, 2017.


**BAKER, DONELSON, BEARMAN,**          */s/ Sarah-Nell H. Walsh*
**CALDWELL & BERKOWITZ, PC**           Sarah-Nell H. Walsh
Suite 1600, Monarch Plaza             Georgia Bar No. 141240
3414 Peachtree Rd. NE                 Betsy N. Burns
Atlanta, Georgia 30326                Georgia Bar No. 161820
Phone: 404-577-6000                   Madeleine G. Kvalheim
Fax: 404-221-6501                     Georgia Bar No. 131496
swalsh@bakerdonelson.com              *Attorneys for Defendant MORTGAGE*
bburns@bakerdonelson.com              *ELECTRONIC REGISTRATION*
mkvalheim@bakerdonelson.com           *SYSTEMS, INC.*

25

4815-9811-5144 v3
2791169-000321 05/10/2017