FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 11 2017

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TONY L. WARE,                         *
                                      *
        Plaintiff,                    *
v.                                    *    **CIVIL ACTION**
                                      *    **FILE NUMBER: 1:17-CV-01313-MHC**
PINE STATE MORTGAGE CORP.,            *
MORTGAGE ELECTRONIC                   *
REGISTRATION SYSTEMS, INC.,           *    **AFFIDAVITS ARE FILED IN SUPPORT**
                                      *
        Defendants.                   *

---

## AFFIDAVIT OF DR. TONY L. WARE

**PERSONALLY APPEARED** before me, the undersigned attesting officer duly authorized by law to administer oaths is **Dr. TONY L. WARE** after being duly sworn, and deposes and states the following:

### I. OWNER AND LANDLORD STATEMENTS

1. On January 23rd, 2017, I purchase the real property known as: 4002 Carisbrook Drive, Union City, Georgia 30291 from Mrs. Antonette Ferrell.

2. I was given a Special Warranty Deed the ("Ware Deed") on January 23rd, 2017 and recorded said deed with the Clerk of Superior Court on January 24th, 2017.

3. That at the time I purchase the real property from Mrs. Ferrell, I had no actual or constructive notice of Defendant MidFirst Bank's prior unrecorded Deed Under Power until it was actually filed with the Clerk of the Superior Court of Fulton County on February 1st, 2017.  I was told by Mr. Kerry Green, who is the husband of Mrs. Ferrell-Green, that Defendants in this action were in part possession of the property as tenants at sufferance through an illegal trespass of the property.

4. On January 23rd, 2017, Mr. Kerry Green also informed me that while his wife, Mrs. Ferrell-Green had their property upon for sale since September 2016, the Defendants on September 16th, 2016 through their officers, agents, employees and attorneys, illegally trespass and took part possession of the real property known as 4002 Carisbrook Drive, Union City, Georgia 30291 without notice to them.

5. On January 23rd, 2017, I made a written demand for possession of land as the owner of the property pursuant to **O.C.G.A. § 44-7-50(a)** and served all Defendants in this action through tack and mail.  A copy of said notice was attached to my Affidavit for Writ of Possession.

6. On January 24th, 2017, I made a second demand for possession of the property pursuant to **O.C.G.A. § 44-7-50(a)** to all Defendants in this action, but all Defendants failed to respond to my demands.

7. On January 25th, 2017, I filed this action for a writ of possession pursuant to **O.C.G.A. § 44-7-50(a)** due the Defendants being tenants at sufferance.

8. That at the time I filed this action I was the owner of the property according to my special warranty deed that was filed and recorded on January 24th, 2017.

9. That prior to me filing this action I had no actual or constructive notice of Defendant MidFirst Bank's unrecorded Deed Under Power until it was actually filed with the Clerk of the Superior Court of Fulton County on February 1st, 2017.

10. Moreover, even if Defendants could attack my title, my title is superior to that of Defendant MidFirst's unrecorded deed pursuant to **O.C.G.A. § 44-2-1.**

11.  According to Georgia law, under **O.C.G.A. § 44-2-1,** a prior unrecorded deed loses it priority over a subsequent recorded deed.  **O.C.G.A. § 44-2-1** reads:

> **"Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land is located. A deed may be recorded at any time; but a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed without notice of the existence of the prior deed."**

12. I received my Special Warranty Deed from Mrs. Antonette Ferrell on January 23rd, 2017 without notice of Defendant MidFirst's unrecorded deed under power.  I recorded my warranty deed with the Clerk of Superior Court of Fulton County, Georgia on January 24th, 2017.

13. The Defendant MidFirst appears to have received its Deed Under Power on December 16th, 2016 and recorded its deed under power with the Clerk of Court on February 1st, 2017.

14. I could not have had actual or constructive notice of MidFirst's unrecorded deed until it was actually filed with the Clerk of Superior Court on February 1st, 2017, well after this dispossessory action had begun.  At the time, I filed this dispossessory action, I was the legal owner of said property, because MidFirst had no interest in the property until it filed its unrecorded deed.  See **O.C.G.A. § 44-2-2(b).**

15. Georgia law under **O.C.G.A. § 44-2-2(b)** reads as follows:

> **"(b) Deeds, mortgages, and liens of all kinds which are required by law to be recorded in the office of the clerk of the superior court and which are against the interests of third parties who have acquired a transfer or lien binding the same property and who are acting in good faith and without notice shall take effect only from the time they are filed for record in the clerk's office."**

16. The Georgia Supreme Court in *Leeds Bldg. Prod. v. Sears Mortg. Corp.*, 267 Ga. 300, 477 S.E.2d 565 (1991) has stated:

> **"O.C.G.A. § 44-2-1 requires that a deed conveying land be recorded in the office of the clerk of the superior court in which the land is located. A deed may be recorded at any time; but a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed without notice of the existence of the prior deed. Id. Thus, the filing and recordation of an instrument provides constructive notice to subsequent purchasers of the existence of a prior interest in the property. O.C.G.A. § 44-2-2(b)."**

17. Moreover, MidFirst could not have any legal interest in the real property until it filed its unrecorded deed with the Clerk of Superior Court pursuant to **O.C.G.A. § 44-2-2(b).** See **Exhibits "A" & "B"** attached my Memo.

18. The Georgia Supreme Court stated further in *Leeds* supra as follows:

> **"Such interests take effect only from the time they are filed for record in the clerk's office. O.C.G.A. § 44-2-2(b)."**

19. I must conclude that the evidence shows that my title, the "Special Warranty Deed" had priority over MidFirst's title, the "Deed Under Power" pursuant to **O.C.G.A. § 44-2-1** at the time I filed this dispossessory action.

## II. CONCLUSION

20. Based upon the facts in this affidavit filed in support of my motion to set aside, it is clear that I was the legal owner of the property at the time I fill this dispossessory action and I did not make any misrepresentations to the Court.

**IN WITNESS AND TESTIMONY HEREOF,** I give this affidavit as evidence to the Court in support of any pleadings, counterclaim or motions that I have filed with this Court to be used at any hearing, trial or appeal with respect to this case.

**FURTHER AFFIANT SAYTH NOT.**

This _____ , day of _____ , 2017.

Respectfully Submitted,

Dr. Tony L. Ware, Affiant

**CERTIFICATE OF NOTARY PUBLIC**
Sworn to and Subscribed before Me,
This _____ day of _____ , 2017.

**NOTARY PUBLIC**