IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, <br><br>     Plaintiff, <br><br>   v. <br><br> PINE STATE MORTGAGE CORP., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br>     Defendants. | CIVIL ACTION FILE <br><br> NO. 1:17-CV-01313-MHC-WEJ |

## **ORDER**

On April 18, 2017, the Court mailed plaintiff <u>pro se</u> Tony L. Ware a copy of its Order [4] granting defendant Mortgage Electronic Registration Systems, Inc.'s Motion for Extension of Time [3]. (<u>See</u> Clerk's Certificate of Mailing of Apr. 18, 2017.) The Clerk sent a copy of the Order to plaintiff at his address of record, but the mail was returned as undeliverable [5].

The Clerk is **DIRECTED** to mail a copy of this Order to Mr. Ware at the last address he provided to the Court, as well as the address noted in the parties' Joint Preliminary Report and Discovery Plan [11].

Additionally, Mr. Ware is **ORDERED** to file within **THIRTY (30) DAYS** of the date of this Order a letter confirming or updating his mailing address.

The Court will recommend dismissal of this case if plaintiff pro se does not comply with this Order.  See Fed. R. Civ. P. 41(b); see also N.D. Ga. Civ. R. 41.2B ("The failure . . . of a party appearing pro se to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . .").

The Clerk is **DIRECTED** to resubmit this matter to the undersigned after expiration of the above period.

**SO DIRECTED AND ORDERED**, this 16th day of May, 2017.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE