[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11629
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01313-MHC


TONY L. WARE,

                                        Plaintiff-Appellant,

versus

PINE STATE MORTGAGE CORP.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2018)

Before NEWSOM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Tony Ware, proceeding *pro se*, appeals the district court's order vacating a bill of costs granted in his favor by the clerk of the court as well as that court's subsequent refusal to set aside the vacatur order.  Ware argues that he was entitled to recover his costs under Federal Rule of Civil Procedure 54(d) and that the district court lacked both subject matter jurisdiction and discretion to vacate the bill of costs.  He contends that the district court lacked subject matter jurisdiction because it had already remanded his suit back to the state court, and lacked discretion because Mortgage Electronic Registration Systems's motion to vacate the bill of costs was untimely.  After careful review of Ware's arguments, we affirm the district court's order vacating Ware's bill of costs and its refusal to set this order aside.

## I

We must first address our own jurisdiction over Ware's appeal.  We review jurisdictional issues *de novo*.  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1266 (11th Cir. 2015).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Notice must be filed within 30 days of the entry of the judgment or order from which the appeal is taken.  Fed. R. App. P. 4(a)(1)(A).  A motion under Rule 60 of the Federal Rules of Civil Procedure tolls this 30-day deadline,

but the motion must be filed no later than 28 days after the entry of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi).  The 30-day deadline to file an appeal runs from the entry of an order disposing of the Rule 60 motion.  *Id.* 4(a)(4)(A).

The district court granted MERS's motion to vacate the bill of costs on January 16, 2018.  On February 12—27 days later—Ware filed a "Motion to Set Aside Void Order" that specifically cited Rule 60(b)(4).  The district court denied Ware's motion on March 21, and Ware filed a notice of appeal on April 19. Ware's appeal is therefore timely.

Federal courts of appeals generally have jurisdiction to review only the final decisions of lower federal courts.  28 U.S.C. § 1291; *S.E.C. v. Carrillo*, 325 F.3d 1268, 1272 (11th Cir. 2003).  A district court order remanding a case to the state court from which it was removed is not considered "final."  28 U.S.C. § 1447(d); *see also Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001) (noting that a remand order based on a lack of subject matter jurisdiction is not reviewable).  We have held, however, that we retain jurisdiction to review a district court's grant or denial of a party's costs incurred as a result of the removal of a case, notwithstanding that the order remanding the case is not itself appealable.  *See, e.g.*, *Legg v. Wyeth*, 428 F.3d 1317, 1319–20 (11th Cir. 2005).  Satisfied as to our jurisdiction over Ware's arguments, we turn to their merits.

## II

We review an order assessing costs for abuse of discretion. *Cochran v. E.I. duPont de Nemours*, 933 F.2d 1533, 1540 (11th Cir. 1991). Rule 54(d) provides that a "prevailing party" should be allowed to recover its costs as a matter of course unless a federal statute, the Rules, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). The costs that may be taxed in favor of the prevailing party are specified in 28 U.S.C. § 1920.

A "prevailing party" under Rule 54(d) is "[u]sually the litigant in whose favor judgment is rendered . . . ." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2667). And while our cases "consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced," *id.* (internal citations omitted), there is no "prevailing party"—and thus no cost award—if there has not been a "material alteration of the legal relationship of the parties." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–793 (1989).

There has been no material alteration here. What this Court has described as the "essential test"—namely, whether there has been a "judicially sanctioned change in the legal relationship of the parties," *Am. Disability Ass'n, Inc. v.*

4

*Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002) (quoting *Buckhannon Bd. &*

*Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605

(2001))—has not been met because the legal relationship between Ware and

MERS did not change simply as a result of the remand.  *See Martin v. Franklin*

*Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts

may award attorney's fees under § 1447(c) only where the removing party lacked

an objectively reasonable basis for seeking removal.").  Ware was therefore not a

"prevailing party" entitled to costs under Rule 54(d), and the district court did not

abuse its discretion in vacating his bill of costs.

### III

Ware also argues that the district court lacked both subject matter

jurisdiction and discretion to vacate the bill of costs.  We disagree.  With regard to

the district court's jurisdiction, "[i]t is well established that a federal court may

consider collateral issues after an action is no longer pending.  For example,

district courts may award costs after an action is dismissed for want of

jurisdiction."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see*

*also Bauknight v. Monroe Cty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006);

*Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc.*, 19 F. Supp. 2d

1334, 1336 (S.D. Fla. 1998) ("[A] remand order divests a district court of

jurisdiction to reconsider its decision to remand the case.  It does not, however,

divest the district court of its jurisdiction to consider the collateral matter of attorney's fees and costs.").

Turning to the district court's discretion to hear MERS's motion to vacate the bill of costs, Rule 54(d) provides that a clerk "may tax costs on 14 days' notice" and that "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d). MERS filed its motion to vacate the bill of costs eight days after the clerk of court granted Ware's request for costs—one day late under the terms of the rule. But of course district courts have discretion to consider untimely motions. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time."); *Baum v. United States*, 432 F.2d 85, 86 (5th Cir. 1970); *United States v. Kolesar*, 313 F.2d 835, 837 n.1 (5th Cir. 1963) (stating that the time for filing a motion to retax costs is not jurisdictional and that the district court retained discretion to address the untimely motion). The district court thus had discretion to consider MERS's untimely motion; and as already indicated, we find no abuse.

In sum, we hold that Ware was not entitled to costs because he was not a "prevailing party," that the district court continued to have jurisdiction over the issue of costs following remand, and that the district court did not abuse its discretion in addressing MERS's untimely motion to vacate the bill of costs. Accordingly, we affirm.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 31, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  18-11629-FF
Case Style:  Tony Ware v. Pine State Mortgage Corp., et al
District Court Docket No:  1:17-cv-01313-MHC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Janet K. Mohler, FF at (404) 335-6178.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs